NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0342n.06

Case No. 25-5427

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jul 29, 2026

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
|  | ) | |
| SCOTT MICHAEL NELSON, | ) | |
| Defendant-Appellant. | ) | |
|  | ) | O P I N I O N |

Before: DAVIS, MATHIS, and RITZ, Circuit Judges.

DAVIS, Circuit Judge. A jury convicted Scott Michael Nelson of possession of child pornography after officers located an explicit video of a minor female on his cell phone. Nelson now challenges the sufficiency of the evidence at trial, the admission of digital forensic evidence, and the denial of his proposed theory-of-defense jury instruction. Each of his arguments fail, so we AFFIRM.

**I.**

*A. Factual Background*

On October 16, 2021, Tennessee probation officers conducted a routine compliance check at the home of Scott Michael Nelson, a registered sex offender. Nelson had prior convictions for possession of photos depicting sex with a child, promotion of a sexual performance by a child, and unlawful sexual activity with a minor. His probation terms required him to submit to warrantless

searches of his person, home, and vehicle. As part of this compliance check, probation officers searched Nelson's Alcatel flip phone. Officers discovered a video depicting six still images of a minor female who was nude and touching her vaginal area. Nelson admitted that the cell phone belonged to him but denied ownership and knowledge of the video. Law enforcement then seized Nelson's phone, obtained a search warrant, and recovered the video through a forensic extraction.

## B. Procedural Background

A grand jury indicted Nelson on one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Nelson proceeded to trial.

At trial, the government introduced the child-pornography video, the thumbnail for the video from October 16, 2021, several images of Nelson's personal documents that were extracted from his phone, and Cellebrite extraction reports noting the dates of the images and videos and their naming conventions. Nelson did not object to the admission of any of this evidence. The government also presented testimony from Chad Gish, a forensic consultant at the Metro Nashville Police Department, regarding his extraction of data from Nelson's cell phone. Nelson did not object to Gish's admission as an expert in digital forensics. Gish testified that the images and videos on Nelson's phone were named sequentially and that the child-pornography video followed this same convention. Additionally, he explained that the video was created in November 2020 and stored around the same time as images of Nelson's paychecks and license plate. At the close of the government's case-in-chief, Nelson moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The district court denied the motion.

Nelson then offered his own expert, Kyne Marshall, a chief digital forensics analyst at BWI Investigations and Forensics. Marshall explained that he performed nine extractions on a phone with the same model as Nelson's over a forty-eight-hour period, and no thumbnails were created

just by recording a video. He also testified that he did not see the thumbnails update after every viewing, and he believed that no one had viewed the video in question before October 2021. The government presented a rebuttal expert, Denzel Washington from Homeland Security Investigations, and Nelson again did not object. Washington recognized that the video may have been viewed for the first time in October 2021. However, he also noted that the phone's "garbage collection process" can routinely delete thumbnails after they are created. (Trial Tr., R. 154, PageID 1032). Nelson did not renew his motion for acquittal after he rested his case or the government's rebuttal.

The jury found Nelson guilty as charged. The district court sentenced Nelson to 120 months' imprisonment. This appeal followed.

## II.

### A. Sufficiency of the Evidence

*Standard of Review*. Nelson first argues that the government presented insufficient evidence to show that he knowingly possessed child pornography. We typically review challenges to the sufficiency of the evidence de novo. *United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015). In doing so, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Pritchett*, 749 F.3d 417, 430–31 (6th Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

However, "[i]t is a well-established rule that a defendant does not properly preserve a challenge to the sufficiency of the evidence if he fails to make a Rule 29 motion for judgment of acquittal at the end of the prosecution's case-in-chief *and* at the close of evidence." *United States v. Curry*, 170 F.4th 559, 567 (6th Cir. 2026) (emphasis added). Therefore, a defendant who

unsuccessfully moves for acquittal at the close of the government's case-in-chief and then offers his own defense must renew his motion "at the close of *all* the evidence." *Id.* (citation omitted); *see United States v. Sherman*, 168 F.4th 417, 424 (6th Cir. 2026). If the defendant fails to preserve his sufficiency claim, we review only for "a manifest miscarriage of justice." *United States v. Page*, 163 F.4th 385, 393 (6th Cir. 2025) (citation omitted). That is, the defendant must demonstrate that "the record is devoid of evidence pointing to guilt." *Id.* (citation omitted).

Nelson moved for acquittal at the close of the government's case-in-chief, and the district court denied his motion. After Nelson presented his defense, the court prompted him to "go ahead—if [he was] going to make another motion." (Trial Tr., R. 154, PageID 1019). Nelson's counsel affirmatively stated that he was "not going to make another motion." (*Id.*). He again failed to renew his motion following the government's rebuttal evidence. Nelson acknowledges that he did not renew his motion at either stage and that we therefore review for a manifest miscarriage of justice.

*Establishment of the Elements.* 18 U.S.C. § 2252A(a)(5)(B) prohibits "[a]ny person" from "knowingly possess[ing], or knowingly access[ing] with intent to view, any . . . material that contains an image of child pornography." Thus, the government was required to prove beyond a reasonable doubt that Nelson "(1) knowingly [possessed or] accessed with intent to view, (2) any material, (3) that he knew contained an image of child pornography." *United States v. Ammons*, 806 F. App'x 378, 382 (6th Cir. 2020).

Nelson's sufficiency challenge centers on the first element. But he has failed to show that the record is wholly devoid of evidence that he knowingly possessed child pornography. *See Page*, 163 F.4th at 393. Critically, Nelson admitted that the Alcatel flip phone containing the video belonged to him. And, before officers located the video, Nelson had registered this phone with

probation. "Where a defendant possesses child pornography in a personal computer or in his files, the 'jury may infer that the individual knowingly possessed the images.'" *United States v. Preston*, No. 23-5675, 2024 WL 4590865, at *3 (6th Cir. Oct. 28, 2024) (quoting *United States v. Oufnac*, 449 F. App'x 472, 476 (6th Cir. 2011)); *cf. United States v. Lowe*, 795 F.3d 519, 523–24 (6th Cir. 2015) (reversing conviction where defendant had two roommates who could have used the laptop containing child-pornography images). Therefore, the jury was free to infer that he knew that he had the video.

The record also includes additional evidence beyond Nelson's conceded ownership of the phone. For example, the government presented evidence that the video was created in November 2020, near the same time as other photographs of Nelson's paychecks and license plate. And the government's expert explained that the video followed the same sequential naming convention as other images and videos on Nelson's phone. Though Nelson denies that he knew about the video, the jury was permitted to rely solely on the government's circumstantial evidence to reach its guilty verdict. *See United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014).

Nelson's counterarguments lack merit. He first suggests that "file presence alone is not enough" to show knowing possession, especially where the files are not easily accessible to the defendant. (Appellant's Br., ECF 36, 24). However, as discussed, the government offered several types of evidence to demonstrate knowing possession—including Nelson's ownership of the phone, the naming sequence of the videos and images on the phone, and the date on which the video was created. And the video was stored in an application on Nelson's phone, not in an inaccessible or unfamiliar location. *Cf. United States v. Keefer*, 405 F. App'x 955, 958–59 (6th Cir. 2010) (vacating and remanding where child-pornography images were saved in the computer's "unallocated space"); *United States v. Dobbs*, 629 F.3d 1199, 1201, 1204 (10th Cir. 2011)

(concluding that the government failed to prove knowing possession where child-pornography images were saved by the computer's "automatic-caching function"). So, even assuming that Nelson's argument is accurate, it does not align with the evidence presented at trial.

That the government's experts acknowledged that the thumbnail was likely created in October 2021 also gets him nowhere. Gish clarified that a thumbnail can be replaced with another, newer thumbnail if the video is viewed on a later date. So the fact that the probation officer's view may have generated the thumbnail on October 16, 2021, did not foreclose the possibility that Nelson had watched the video previously. And Washington explained that Nelson's phone could have routinely deleted older thumbnails to free up space. As such, the record was not devoid of evidence that Nelson knowingly accessed the video at an earlier date.

Lastly, Nelson contends that his expert refuted the government's expert testimony. For example, Nelson's expert Marshall testified that, in the experiments he performed on the test phone, a thumbnail is not created until the video is viewed, and this thumbnail is not replaced with a newer one after a later view. However, "challenges to the credibility of a witness are not challenges to the sufficiency of the evidence, but instead to the quality of the government's evidence." *United States v. Baskerville*, 164 F.4th 459, 476 (6th Cir. 2026) (citation modified). And "credibility determinations are left to the jury." *United States v. Ledbetter*, 929 F.3d 338, 355 (6th Cir. 2019). Here, it was within the jury's purview to credit the government's experts over Marshall, so we decline to disturb its verdict on this basis.

*B. Digital Forensic Evidence*

Next, Nelson asserts that the district court erred in admitting digital forensic evidence, including "thumbnails, cached data, and Cellebrite extraction results." (Appellant's Br., ECF 36, 28). He broadly argues that the district court violated Federal Rules of Evidence 401, 403, and

702 because the digital evidence "risk[ed] misleading jurors into treating ambiguous evidence as proof of a mental state." (*Id.* at 29).

*Standard of Review.* We generally review the district court's admission of evidence for an abuse of discretion. *United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022). But if the defendant fails to raise an evidentiary challenge below, we review for plain error. *United States v. Wilder*, 87 F.4th 816, 820 (6th Cir. 2023). Nelson did not object to the district court's admission of any of the challenged evidence at trial. He therefore must show, for each of his evidentiary arguments, that the district court committed "(1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation modified). Nelson is unable to satisfy this burden.

### 1. Rule 401

Though not immediately clear, Nelson appears to assert that the government's digital evidence was irrelevant because it was "technically ambiguous" and did not "reliably reflect[] intentional user conduct." (Reply Br., ECF 47, 11). This argument seems to reprise his challenge to the sufficiency of the government's evidence, rather than its admissibility. But, because Nelson roots his contention in Rule 401, we consider the relevance of the digital evidence here.

Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. For criminal cases, "a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020). "This threshold is low, and evidence is relevant if it advances the ball one inch." *United States v. Betro*, 115 F.4th 429, 449 (6th Cir. 2024) (citation

modified). "[R]elevant evidence is admissible unless another rule says otherwise." *United States v. Lester*, 98 F.4th 768, 776 (6th Cir. 2024).

The evidence from Nelson's cell phone was relevant to the charged crime of possession of child pornography. As Nelson recognizes, the government was required to prove beyond a reasonable doubt that he knowingly possessed child pornography. *See* 18 U.S.C. § 2252A(a)(5)(B). The video itself led to the charge; the Cellebrite reports noted the dates of the photographs and videos on Nelson's phone, including the creation date of the child-pornography video, as well as the sequential order of the file names; and the photographs of Nelson's paychecks and license plate taken between 2020 and 2021 reflected that he accessed his photograph and video applications near the date of the crime. Although Nelson challenges the jury's inference of knowing possession from this evidence, the evidence was relevant and therefore admissible. *See Hazelwood*, 979 F.3d at 409 ("Courts do not require that each piece of evidence directly prove or disprove an element of the offense.").

### 2. Rule 403

Even if relevant, Nelson argues that the district court should have excluded the digital evidence because it "created a substantial risk of juror confusion and unfair prejudice." (Appellant's Br., ECF 36, 30). In particular, he suggests that its admission caused the jury to "overvalue technical evidence carrying an aura of specificity unsupported by the underlying proof." (Reply Br., ECF 47, 13). We disagree.

The district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or "confusing the issues." Fed. R. Evid. 403. Unfair prejudice is "defined as the 'undue tendency to suggest a decision based on improper considerations.'" *Hazelwood*, 979 F.3d at 412 (citation omitted). This balancing "test is strongly

weighted toward admission," *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018), and the district court enjoys "broad discretion" in its determination, *Wilder*, 87 F.4th at 819 (citation omitted).

We observe no plain error in the admission of the digital evidence. As explained, the government's evidence was relevant and probative of Nelson's knowing possession of the video. The "legitimate probative force" of the video, images, thumbnails, and Cellebrite reports may have "damage[d]" Nelson's case, but this does not rise to the level of unfair prejudice. *See United States v. Smith*, 70 F.4th 348, 353 (6th Cir. 2023) (citation omitted). Similarly, the mere possibility that extracted information from Nelson's cell phone could confuse the jury does not automatically warrant exclusion. Rather, the challenged digital evidence was "highly probative of a crucial issue" and had a "limited prejudicial effect," so the district court did not plainly err by admitting it. *United States v. Clark*, 24 F.4th 565, 582 (6th Cir. 2022).

### 3. Rule 702

Nelson brings his last evidentiary challenge under Rule 702. The government argues that Rule 702 is inapplicable because Nelson does not challenge the admissibility of any expert witness testimony. Nelson counters that his argument focuses on the "unreliability of the government's inference chain" and therefore "implicate[s] Rule 702 concerns." (Reply Br., ECF 47, 13–14). We agree with the government that this claim falls outside the scope of Rule 702.

Courts evaluate whether to admit expert witness testimony under Rule 702. *See, e.g.*, *United States v. Ganier*, 468 F.3d 920, 925–27 (6th Cir. 2006); *United States v. Beverly*, 369 F.3d 516, 528 (6th Cir. 2004). For example, Rule 702 requires, in part, that a proponent of expert testimony show "that it is more likely than not that . . . the testimony is the product of reliable principles and methods." Fed. R. Evid. 702(c).

Here, Nelson has not identified any unreliable principles or methods upon which a government expert allegedly based their testimony. Nor does he challenge Gish or Washington's testimony outright. Instead, he again argues that the government offered "technically ambiguous forensic evidence to supply the missing proof of knowledge." (Reply Br., ECF 47, 13). For the reasons stated, this argument fails.

## C. *Theory-of-Defense Jury Instruction*

Finally, Nelson contends that the district court abused its discretion by refusing to give his requested theory-of-defense instruction to the jury. He specifically claims that the instruction failed to state that the video and thumbnail could have "exist[ed] on the device without conscious access or control." (Appellant's Br., ECF 36, 35). The requested instruction read:

> As to the charge, Mr. Nelson pleads not guilty and would state that the Government did not meet its burden to prove the element of "knowing possession" beyond a reasonable doubt. The proof before you does not suggest that Mr. Nelson was the individual holding the cellphone while the video was being recorded, that Mr. Nelson recorded the video, or that Mr. Nelson knew the video was on the cellphone. Mr. Nelson is not guilty of the charge in the Indictment.

(Proposed Jury Instr., R. 119, PageID 507).

*Standard of Review.* The government asserts that Nelson waived this argument because he agreed with the district court's modified jury instruction. Waiver is "the intentional relinquishment or abandonment of a known right," *United States v. Carter*, 89 F.4th 565, 568 (6th Cir. 2023) (citation omitted), that occurs when a party "makes a plain, explicit concession on the record," *United States v. Fowler*, 819 F.3d 298, 306 (6th Cir. 2016) (citation modified). Although we recognize that our case law is not a model of clarity on this issue, we cannot say that Nelson's acceptance of the court's alternative language after unsuccessfully lobbying for different language qualifies as relinquishment or abandonment. *See United States v. Montgomery*, 998 F.3d 693, 697–99 (6th Cir. 2021) (acknowledging that agreement alone does not necessarily equate to

waiver). Alternatively, the government argues that Nelson invited error. Nelson contends that waiver is inapplicable and that his agreement to the revised instruction "constituted, at most, forfeiture or invited error," not waiver. (Reply Br., ECF 47, 14). We need not resolve this dispute because Nelson's claim fails under either standard. *See, e.g.*, *United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023).

We reverse a district court's refusal to give a proposed jury instruction only if the instruction "is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs [the] defendant's defense." *United States v. Blanchard*, 618 F.3d 562, 573 (6th Cir. 2010) (citation omitted). Importantly, the district court is not required to instruct the jury on the defendant's "view of the facts." *Id.* at 574; *United States v. Chowdhury*, 169 F.3d 402, 407 (6th Cir. 1999).

*Analysis.* Here, the district court's jury instruction "substantially covered [Nelson's] legal arguments." *Blanchard*, 618 F.3d at 574. The court instructed the jury as follows: "As to the charge, Mr. Nelson pleads not guilty and would state that the government did not meet its burden to prove the element of knowing possession beyond a reasonable doubt." (Trial Tr., R. 154, PageID 1071). This instruction captured the crux of Nelson's defense—that the government had failed to show that he knowingly possessed the video. The district court excluded details reflecting Nelson's view of the government's evidence, not a legal theory of the case. *See United States v. Vassar*, 346 F. App'x 17, 26 (6th Cir. 2009) (concluding that there was no reversible error where defendant's "proposed instruction d[id] not constitute a statement of law, but rather represent[ed] a denial of the charges and [his] view of the facts"). Indeed, Nelson recognized that the additional statements in his proposed instruction were facts when he offered to "generalize" the instruction

"if the government d[id not] want some of the facts in there." (Trial Tr., R. 154, PageID 945).

Therefore, we see no reversible error.

## III.

For the foregoing reasons, we AFFIRM.